# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )  Case No. CR-07-018-F |
| | ) |
| ROBERT W. LANGFORD, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On August 2, 2006, an information was filed in Case No. 06-mj-01415-STE charging defendant, Robert W. Langford, with knowingly being present as a spectator during a cockfight at the TFC cockfighting facility, located on land held by the United States in trust for the heirs and/or successors of Kiowa Allottee 1245. Defendant is alleged to have violated 18 U.S.C. §§ 13, 1151, 1152 and 21 O.S. § 1692.6.

At the arraignment held on August 23, 2006, defendant, represented by appointed counsel, consented to trial of the misdemeanor charge before United States Magistrate Judge Shon Erwin. Counsel for defendant subsequently withdrew from the case. Defendant, proceeding *pro se*, filed a motion to dismiss the information for lack of jurisdiction. On December 12, 2006, plaintiff filed a response to defendant's motion. A hearing was held in regard to the motion on January 8, 2006, and in an order filed January 10, 2006, the motion was denied by Magistrate Judge Erwin. Trial of the misdemeanor charge is set to commence on January 23, 2006.

On January 17, 2006, defendant, proceeding *pro se*, filed a "Notice of Intent to Appeal Government[']s Combined Response for Immediate Dismissal for Lack of Jurisdiction Based on Erroneous Assumption of the Court and Failure to Exhaust

Remedies." As defendant does not seek to appeal any conviction or sentence, defendant's appeal is interlocutory. Rule 58(g)(2)(A), Fed. R. Crim. P., applies to interlocutory appeals. The rule provides:

> Either party may appeal an order of a magistrate judge to a district judge within 10 days of its entry if a district judge's order could similarly be appealed. The party appealing must file a notice with the clerk specifying the order being appealed and must serve a copy on the adverse party.

Initially, the court would note that in his notice of appeal, defendant has not appealed any order of the magistrate. Rather, he has requested the court to dismiss plaintiff's response to his motion.[1] The court, however, also notes that the notice of appeal was filed within 10 days of the date Magistrate Judge Erwin's order denying his motion was entered. To the extent that defendant's notice of appeal, liberally construed, can be considered as appealing the order, the court concludes that it lacks jurisdiction over the appeal.

Pursuant to Rule 58(g)(2)(A), defendant may appeal an interlocutory order of a magistrate judge if a district court's order could similarly be appealed. Interlocutory review of a non-final decision is permitted for a "small class [of cases] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949). "To establish jurisdiction under the collateral order doctrine, defendant[] must establish that the [magistrate] court's order (1) conclusively determined the disputed question, (2) resolved an important issue completely separate from the merits of the case, and (3)

---

[1] The court also notes that the notice of appeal lacks a certificate of service indicating that the notice of appeal was served on plaintiff.

is effectively unreviewable on appeal from a final judgment." Gray v. Baker, 399 F.3d 1241, 1245 (10th Cir. 2005). The court concludes that defendant cannot establish the third test "is effectively unreviewable on appeal from a final judgment." *See*, United States v. Hashagen, 716 F.2d 1454-1455 (5th Cir. 1983) (denial of a motion to dismiss indictment whether based on lack of jurisdiction or other asserted invalidity of the indictment does not fall within "very narrow class of cases in which interlocutory appeal is permissible as it does not meet the test of being effectively unreviewable on appeal from a final judgment." (*id.,* quotations omitted )); *see also*, United States v. Atwell, 681 F.2d 593 (9th Cir. 1982) (denial of a motion to dismiss indictment for lack of subject matter jurisdiction not appealable). Whatever the merits of defendant's contention, it may be reviewed, if asserted, upon an appeal from a final order following defendant's conviction, if any. Therefore, the court concludes that Magistrate Judge Erwin's order denying defendant's motion to dismiss the information is not an appealable order and that this appeal must be dismissed for lack of jurisdiction.

      Based upon the foregoing, defendant's appeal is **DISMISSED**.

      DATED January 23, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0018p001 (pub).wpd